the court. I'm attorney Annalisa Arrujo and I represent the petitioner, Mr Flavio Santos. We are here today to oppose the motion to dismiss his petition for review of the denial of his motion to reopen the reinstatement order of removal that stands against him. On the question of jurisdiction, the Department of Homeland Security is wrong. This court does have jurisdiction to review the denial of his motion to reopen. At the center of the government's argument lies Heckler v. Cheney, which is inapplicable to this case because in contrast with Heckler, here the review involves a legal question and there is legal substantive criteria that guides judicial review. The court in Heckler stated that agency action is unreviewable if there is no meaningful standard which to judge the exercise of discretion. Here, 8 CFR 103.5 provides substantive criteria which guides judicial review. It specially states that an officer of the Department of Homeland Security may reopen and rescind a decision for proper cause. Proper cause is the legal standard that is subject to review by this court. 8 CFR 103.5 further states that the motion will be considered when new evidence and facts are presented. Both were presented with the petitioner's motion to reopen to the department. Discretionary decisions that are guided by substantive criteria are reviewable and the Department of Homeland Security cannot try to conceal the due process violations within their decision under a discretionary curtain. Here, the department is yet to articulate why there was proper cause to deny the petitioner's motion to reopen. Customs and Border Protection in this case failed to provide a reasoned basis for its decision, failed to discuss the new facts and evidence, and failed to provide an explanation why proper cause had not been reached. Furthermore, this court can review denials of regulatory motions predicated on legal errors. If this court looks at CBP's decision, its decision contains two legal errors. First, it states that there is no prescribed mechanism for reopening and rescinding a reinstatement order. This is incorrect as it ignores 8 CFR 103.5. The agency can and it has granted motions to reopen in these circumstances. The petitioner provided in its motion to reopen examples of other situations in which the department granted motions to reopen. Second, the decision cites the prior reinstatement order as if the petitioner in this case was challenging the prior expedited order of removal. The department cites to Immigration and Nationality Act Section 241A.5. That's not the section at hand. The petitioner presented to the department a motion to reopen. He was not challenging the underlying reinstatement order. He was not challenging the underlying expedited order. He was seeking for the department to reopen the reinstatement order. Counsel, I don't know if you wish to address the aspect of your motion involving a request for a stay of removal because you have about a minute left of your argument. Thank you, Your Honor. I do. With respect to the stay of removal, I refer to the court to McKenzie Holder, and I would like to focus on the first factor indicated on that case, which is the likelihood of success on the underlying claims. Your Honor, this motion to reopen contained new facts. It contained new evidence that was presented to the department. We are seeking a review of the department's due process errors. Mr. Santos has demonstrated that the department committed two legal errors in their decision. He has further demonstrated that this court does have jurisdiction to review a denial of a motion to reopen. And if this court finds jurisdiction, then the petitioner is showing a strong likelihood of success on the merits of this case. Furthermore, to take it a step farther, if we are looking at the motion to reopen itself, were the reinstatement to be reopened, the petitioner in this case would be eligible to derive asylum from his wife, who has been granted asylum. His petition for asylum was denied solely on the ground that the United States Citizenship and Immigration Services has a policy that they would not grant derivative asylum to a person that was subject to a reinstatement order. This was a policy that was not public until 2021, well after the petitioner in this case did not challenge his denial of withholding a removal. Counsel, unless there are questions from our colleagues, I want to thank you for your argument. I do want to point out for the record, although we share a last name, we are not related and I don't know you, but thank you very much for your argument. That is correct, Your Honor. And I believe we're going to hear from Attorney, thank you, Counsel. I believe we're going to hear from Attorney Kristin Moreci, and I hope I pronounced that correctly, Attorney Moreci. You may proceed. Thank you, Your Honors. Kristin Moreci on behalf of the respondent in this case. Your Honors, the respondent's position in this case, that despite the withdrawal of the arguments that we initially made in our motion to dismiss for lack of jurisdiction under Nasrallah, that this case still should be dismissed under the Heckler case, specifically in that portion of our motion to dismiss in which we argue that the court lacks jurisdiction under Heckler because in this case, DHS's denial of the motion to reopen and to rescind the re-abstainment order is a matter that has been committed to agency discretion. Whereas the Heckler court had held that judicial review is precluded for administrative decisions that are traditionally left to agency discretion, and here the decision by DHS to decline to exercise or use its prosecutorial discretion powers to reopen and rescind the reinstated removal order, an order that was necessarily issued in DHS's discretion would be one of those inherently discretionary ones that is not guided by standards. We would reject opposing counsel's argument that this case would be, or that decision would be governed by 8 CFR 103.5, and that it's not a mechanism that here that provision, which related to immigration benefits, is incompatible with what's at issue here, a reinstated removal order, and under the statute 8 USC 1231.85, the statute holds that if DHS reinstates a prior removal order, that order is not subject to being reopened or to review. Ms. Moreci, may I ask, you know, there are some motions to dismiss for lack of appellate jurisdiction that I guess I'd call clean jurisdictional issues that are separate from the merits, a non-final order, for example, and motions panels can easily deal with those. A lot of these cases where the jurisdictional issue is very tied up with the merits. Usually the immigrant is making an argument that, well, there's really a legal error here or there was some sort of disregard of ordinary procedures or something that takes this out of the discretionary zone. And it just seems to me as a matter of judicial administration, we're often better off just deferring that to a merits panel down the road to decide the jurisdictional issue and then they, you know, because it is so intertwined with the merits. That's just by way of preface to getting to the stay issue. Suppose we were inclined to defer decision to a merits panel. I guess what I'm asking is the government really opposed to, is there some important reason why we need to remove this person from the United States while we wait for, you know, what's probably a limited amount of time before this case goes before a merits panel gets decided? Certainly, Your Honor. And Your Honor is right that if that is the decision of the panel that these issues can be fleshed out further at briefing, it's our position that getting to that point is unnecessary given what we contend is a lack of jurisdiction to continue to that point or for those reasons we feel there wouldn't be a likelihood of success on the merits that would warrant granting a stay of removal in this case. But yes, Your Honor, that's certainly a route in which... Well, I mean, again, if we were to defer this to the merits panel, would the government's, what do you call it, policy? I always forget the word. Forbearance. Forbearance policy. Yeah, forbearance, right. Does the forbearance policy apply here just as it would in some other case where this jurisdictional issue hadn't been affirmatively raised at the motion stage? Yes, Your Honor. We've confirmed in this case specifically too that the forbearance policy is in effect until or unless, depending on how the court rules on the stay. So to the extent it's not been ruled upon or not denied, the forbearance policy would be in effect here. Well, so if we don't even rule on the stay motion, he's not, you're representing to us he's not going to be removed, so the stay is sort of moodish? If it's not, until it's ruled on or if it's not ruled on and carried with the case, then the forbearance policy would stay in place, yes. Okay, and that would mean that if for some reason that changed, you would come back to the court and ask, and notify us, and then we'd have to decide the stay motion. Yes, Your Honor. Okay, but so right now we actually, if we are going to refer your jurisdictional motion to the merits panel, then we probably don't have anything else we need to do today. No, Your Honor. The temporary stay, the stay motion could also be referred or held. Okay. Are there guarantees of that, or are you representing that on behalf of the government? I'm representing that on behalf of the government, and I confirmed with DHS as well, as to this particular case and petitioner a few weeks back when I discussed it with opposing counsel. Thank you. If there are no further questions, I'll thank you. There was a little bit of feedback, but I want the record to reflect we were able to hear you. I believe my colleagues were nodding they were able to hear you. Thank you, counsel. We'll take the matter under advisement. Thank you. Thank you, Your Honors. Thank you, Your Honors. We will hear the next case, but we need a couple of minutes to readjust the system. So if you'll give.